JOSEPH LEAVY, RESPONDENT, v. MATTHEW LEAVY, AS SOLE EXECUTOR, &c., OF JAMES LEAVY, DECEASED, APPELLANT.

JOSEPH LEAVY, APPELLANT, v. MATTHEW LEAVY, AS SOLE EXECUTOR, &c., OF JAMES LEAVY, DECEASED, RESPONDENT.

*Demurrer—when not frivolous—All the residuary legatees must be parties to an action by one legatee to recover his share of the residue.*

In an action by one of several residuary legatees to recover his share of the estate, a demurrer interposed by the executor, the sole defendant, on the ground that the other residuary legatees should be made parties thereto, cannot be adjudged frivolous.

APPEAL from a judgment entered upon an order adjudging the demurrer interposed to the complaint to be frivolous, and also, appeal from an order denying the plaintiff's motion to punish the defendant for contempt in not paying the judgment.

The complaint alleged the appointment and qualification of the defendant as executor of James Leavy, deceased; a bequest by the will of the latter of $10,000, to be invested for his father and mother, and that, by said will, after bequeathing to the defendant

divers articles of specific personal property, he gave, devised and bequeathed all his estate, both real and personal, of every nature, kind, and description, whatsoever and wheresoever the same might be situated, to this plaintiff and his three brothers, share and share alike, absolutely and forever.

"That the mother of the testator is still living, and the said $10,000 so set apart is still held invested and in use, as plaintiff is informed and believes, in pursuance of the directions of said will.

"And said plaintiff further alleges, on his information and belief, that at or about the time of the decease of the said testator, assets to the amount of $40,000 or thereabouts, belonging to him, came to the hands or under the control of the said defendant as such executor, and that there now is, in the hands of him, the said defendant, the sum of $8,000, arising out of the estate of the said testator, applicable to the payment of the share of plaintiff as one of the residuary legatees under said will. And this plaintiff alleges and verily believes, that on an account being taken of the assets belonging to and the payment and expenses in and about the execution of the said last will and testament of the said James Leavy, there will be found assets in the hands of, or under the control and management of said defendant, applicable to the payment of plaintiff's said share, the sum of $8,000, and upwards. . . . That, notwithstanding the existence of assets applicable to the payment or part payment of the share of plaintiff—under said will, and the lapse of more than one year from the granting of letters testamentary on said will, and the demand made and bond filed before this action as aforesaid; and there being more than sufficient assets in the hands of the defendant to discharge the debt of the testator, he, the said defendant, refused and still refuses to pay or apply any portion of the assets to the payment or part payment of the plaintiff's said share, no part of which has yet been paid to or received by plaintiff, except the sum of $300. Wherefore plaintiff demands judgment. That the defendant pay to him the sum of $8,000, with interest thereon from March 16, 1877. That the defendant account for all the assets of the testator that came to his hands or under his management and control, and as to his care and preservation of the estate of the said James Leavy, as the executor of his will, and that

he be adjudged and decreed to pay over to plaintiff whatever sum may be found applicable to his share of said estate, over and above the said sum of $8,000, with interest on any such sum from the lapse of one year after the granting of letters testamentary on said will to defendant. The defendant demurred, on the ground that the other residuary legatees were necessary parties to the action.

*Arthur J. Delaney*, for the appellant, on the appeal from the judgment and order adjudging the demurrer to be frivolous, and for the respondent on the appeal from the order denying the motion to punish.

*Allen McDonald*, for the respondent, on the appeal from the judgment, and for the appellant on the appeal from the order denying the motion to punish.

Barrett, J. :

The demurrer was not frivolous. It was, to say the least, a fair question for deliberate consideration whether the other residuary legatees should not have been made parties. In *Cromer* v. *Pinckney* (3 Barb. Ch., 474), the chancellor said that, "As a general rule, a legatee may sue the executor for his own particular legacy, without making the residuary legatees, or any other legatees, parties to the suit. The case is otherwise where one of the residuary legatees sues for his share of the residue. For, as an account of the estate must be taken in that case, the executor may insist that the other residuary legatees shall be brought before the court, to save him the trouble of accounting, a second time, at their suit." It is contended that this rule is inapplicable to the present case, because of the averment that the executor has in his hands a definite sum applicable to the payment of the plaintiff's share. But this averment is preceded by a statement as to the general assets which came into the defendant's hands, and is followed by an allegation that, on an accounting being taken of such assets, and of the expenses of administration, there will be found this definite sum and upwards, as assets in the hands of the defendant, applicable to the payment of the plaintiff's said share. Further on, there is a reference to the existence of assets applicable to the payment, *or*

*part payment,* of plaintiff's share. Upon this, the plaintiff demands judgment—first, for the definite sum, and second, for an accounting and payment of whatever he may be found entitled to thereon, beyond the definite sum. It is difficult to separate the averments of this complaint, to take the statement with regard to the definite sum out of their immediate connection, place them by themselves, and apply thereto naught save the first demand of judgment. There is no separation or statement of distinct causes of action in the pleadings, and it would seem to be a fairer and more rational construction of the complaint to treat it as an action for an accounting, with special averments as to the extent of the assets. Should this view ultimately prevail; upon the argument of the demurrer as an issue of law, the plaintiff will probably be compelled to bring in the other residuary legatees. Enough, at all events, has been said to demonstrate the error in adjudging the demurrer to be frivolous. The order and judgment should, therefore, be reversed. It follows that the appeal from the order denying the plaintiff's motion to punish the defendant for contempt in not paying the judgment, should be dismissed.

Davis, P. J., and Brady J., concurred.

Order adjudging demurrer frivolous and judgment entered thereon reversed, with costs.

Appeal from order denying motion to punish defendant for contempt dismissed, without costs.